DEPAU *against* MOSES and others.

May 11.

Where the testator devised his real and personal estate to his executors' for the payment of his debts ; on a bill for an account, stating, that the executors refused to distribute the personal estate, and to sell and distribute the proceeds of the real estate rateably among the creditors, and threatened to transfer it, to secure certain favourite creditors, who were entitled to no preference at law or in equity, the court granted an *injunction* to restrain the executors from selling or disposing of the estate.

But whether this court will, in such a case, at the instance of a creditor, compel a rateable distribution of assets by the executors; *Quære.*

BILL stating that the plaintiff sues as well on behalf of himself, *as of the other creditors of Isaac Moses deceased,* who shall come in and contribute to the expenses of the suit; and that *Isaac Moses,* together with *Moses L. Moses* and *David Moses,* two of his sons, traded under the firm of *Isaac Moses & Sons,* and became indebted to the plaintiff and others, in divers sums of money; to the plaintiff in 4,650 dollars, by a promissory note to him, and payable on the 15th of *April,* 1818. That the firm became indebted to various persons, to 200,000 dollars and upwards, and afterwards stopped payment, and became utterly insolvent. That subsequent to such insolvency, the said *Isaac Moses* died, on the 16th of *April* last, leaving *Mary Moses* his widow, and the other two defendants aforesaid, together with *Hyman Moses, Joshua Moses, Maria Levy,* (wife of *Aaron Levy,*) *Rebecca Moses, Lavinia Moses, Sally Moses,* and *Saul Moses,* his children, and leaving *a will,* whereby *he devised his real and personal estate to his executors,* for the payment of his debts, and particularly of the debts of the firm; and appointed the three defendants his executors. That the will has not been proved, and is kept concealed by the defendants, and the plaintiff cannot state its contents more precisely. That *by the will, the real and*

1818.

DEFAU
v.
MOSES.

*personal estate was made equitable assets.* That the de-
fendants have refused to distribute the personal estate,
and to sell and distribute the proceeds of the real estate
rateably among the creditors; but declare, that they will
secure certain *favourite creditors, who have no legal or
equitable priority,* and will assign the estate to some trus-
tee for such favourite creditors, in fraud of the other cre-
ditors.

Prayer, that the defendants may account with the plain-
tiff and the other creditors, who shall come in and contri-
bute, and pay them in equal and rateable proportions;
and for an *injunction,* restraining the defendants from sell-
ing or transferring the real and personal estate, except
under the direction of this court, and that they may be
compelled to sell the real and personal estate under such
direction, and bring the proceeds into court, to be applied
to the entire, or rateable payment of the plaintiffs, and
such other creditors as shall come in and contribute as
aforesaid, and that until such sales, a receiver may be ap-
pointed to receive the rents, issues, and profits, &c.

*T. A. Emmet,* for the plaintiff, moved for an injunction,
on the ground that the will made the real estate equitable
assets, and that the personal estate was devised for the
payment of the debts. Independent of the will, he con-
tended, that equity would enforce equality in the ap-
plication of assets, and referred to the opinion of Sir J.
*Mansfield* in 1 *Campbell's N. P.* 148. and who, he said,
was one of the best Chancery lawyers in *England,* in his
day.

He contended, that equity would equally restrain a cre-
ditor from seeking, by legal process, to acquire a prefe-
rence, and an executor from giving it voluntarily; that
Chancery even would consider deeds for the purpose of
preferring creditors who had no legal or equitable priority
as fraudulent.

THE CHANCELLOR, without giving any opinion on the suggestions of the counsel, thought the bill contained ground for an injunction, and referred to what he had said in the case of *M'Kay* v. *Green.**

Injunction granted. ·